18603. McCAULEY *et al. v.* THE STATE.

Under previous rulings as to omission to charge the jury upon the sole defense of alibi, even without request, a new trial should have been granted as to one of the plaintiffs in error. As to the other, no error requiring a reversal appears.

DECIDED JANUARY 7, 1928.

Making intoxicating liquor; from Troup superior court—Judge Roop. October 25, 1927.

*Duke Davis, R. W. Martin,* for plaintiff in error.

*William Y. Atkinson, solicitor-general,* contra.

LUKE, J. Willie McCauley and Squire Woodyard were convicted of manufacturing liquor. A reversal of the judgment must be had as to McCauley, under the following rule of law quoted from *Hobbs* v. *State,* 8 *Ga. App.* 53 (3) (68 S. E. 515): "When alibi is the only defense set up by a defendant in a criminal case, and this defense is sustained by testimony, the jury should be properly instructed in the rules governing the consideration of the subject of alibi, even in the absence of a request, and although the defense of alibi is included in the general plea of 'not guilty.' It is the duty of the court to instruct the jury, without request, in the law applicable to the substantial issues presented by the evidence."

There being sufficient evidence to support the jury's verdict finding Woodyard guilty, and the motion for a new trial disclosing no reversible error as to him, the court properly overruled the motion for a new trial in so far as Woodyard is concerned.

*Judgment reversed as to McCauley, and affirmed as to Woodyard. Broyles, C. J., and Bloodworth, J., concur.*

Criminal Law, 16 C. J. p. 1058, n. 33.